## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KADEEM NOLAND,**

                **Petitioner,**

**v.**                                      **Case No. 25-CV-01260-SPM**

**PEOPLE OF ILLINOIS,**

                **Respondent.**

## <u>MEMORANDUM AND ORDER</u>

**McGLYNN, District Judge:**

Petitioner Kadeem Noland is an inmate currently incarcerated at Menard Correctional Center in Menard, Illinois. Before the Court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Noland argues that, during the pendency of his underlying criminal case, his right to a speedy trial was violated, and that his trial counsel was ineffective. (*See id.*). This Petition is now before the Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Rule 4 provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See id.* Furthermore, a prisoner seeking a writ of habeas corpus must exhaust his state remedies before seeking federal relief. 28 U.S.C. § 2254(b)(1); *see also Evans v. Wills*, 66 F.4th 681, 682 (7th Cir. 2023); *Parker v. Duncan*, No. 3:15-cv-00326-DRH, 2015 WL 1757092

(S.D. Ill. April 15, 2016) (citing *Moleterno v. Nelson*, 114 F.3d 629, 633 (7th Cir. 1997)). A state petitioner can challenge his confinement under § 2254 only after having exhausted both administrative remedies and state judicial remedies, including one complete round of state appellate review. *See Evans*, 66 F.4th at 682; *VanSkike v. Sullivan*, No. 18-cv-2138-NJR, 2019 WL 6327195, at * 2 (S.D. Ill. Nov. 26, 2019). The exhaustion doctrine is "designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Petitioner Noland states in his Petition that he was convicted by a jury in Madison County Circuit Court on May 21, 2021, on charges of first-degree murder. (Doc. 1, pp. 1–2); *see State v. Noland*, Case No. 2020CF000097 (Ill. Cir. Ct. 2020). He was sentenced to 65 years of imprisonment on August 2, 2021. (Doc. 1, p. 1). Noland states that he directly appealed his conviction, which was denied by the Illinois Appellate Courts and the Illinois Supreme Court. (*Id.*, p. 2). Noland further states that he filed a post-conviction petition in the Madison County Circuit Court, which he claims was denied on November 13, 2024. (*Id.*, p. 9). He asserts that he appealed the denial of his postconviction petition to the Illinois Fifth District Appellate Court, which is corroborated by the docket sheet for his case. (*Id.*, p. 9); *see Noland*, Case No. 2020CF000097 (Ill. Cir. Ct. 2020). Noland states in his Petition that this appeal is still pending in the Illinois Fifth District Appellate Court, which is also corroborated by the docket sheet in his case. (Doc. 1, p. 9); *see Noland*, Case No. 2020CF000097 (Ill. Cir. Ct. 2020). He additionally provides in his

Petition that, while his appeal was pending, he transferred to another prison facility and attempted to inform the Illinois Appellate Courts of his change of address, but received no response from the court. (Doc. 1, p. 3).

From the limited information available on the docket sheet for his case, it appears that the latest activity in his appellate matter occurred on March 5, 2025, establishing a deadline for Noland to file his *pro se* briefs by April 16, 2025. *See Noland*, Case No. 2020CF000097 (Ill. Cir. Ct. 2020). While it is unclear whether Noland has met his filing deadline, it is clear to this Court that his appeal of his postconviction petition remains pending before the Illinois Fifth District Appellate Court as there has not been an adjudication of his claims or otherwise a dismissal of the action. *See id.* Accordingly, this Court finds that Noland has not completely exhausted his available state remedies, and thus his Petition is not ripe for this Court's review. Upon an evaluation of the docket sheet for his state appellate court matter, this Court additionally finds that there has not been an inordinate delay in this matter preventing Noland from otherwise meeting the exhaustion requirement. See *Evans*, 66 F.4th at 682 (citing 28 U.S.C. § 2254(b)(1)(B)) ("[T]he exhaustion requirement is neither ironclad nor unyielding. Congress envisioned circumstances, however rare, where there may exist "an absence of available State corrective process" or where state remedies prove "ineffective to protect the rights of the applicant."). According to the docket sheet, Noland was appointed counsel from the Office of the State Appellate Defender as of September 2024. *See Noland*, Case No. 2020CF000097 (Ill. Cir. Ct. 2020). The Illinois Fifth District Appellate

Court, following Noland's counsel's entry of appearance, ordered the record on appeal be submitted by January 15, 2025, which was subsequently filed by January 8, 2025. *See id.* Noland requested an extension of time to file his appellate brief on January 27, 2025. *See id.* Noland's counsel moved to withdraw from the matter on February 28, 2025. *See id.* On March 5, 2025, the court ordered Noland to submit his briefs *pro se* by April 16, 2025, and the docket reflects there has been no activity in the case since. *See id.* This Court does not find that the 10-month delay of this matter is the result of inordinate delay, nor that the delay is attributable to the State. *See Evans*, 66 F.4th at 682. Noland requested an extension of time to file his brief, which permitted an additional month of time to elapse, before he requested to withdraw from the case. *See Noland*, Case No. 2020CF000097 (Ill. Cir. Ct. 2020). Since March 5, 2025, it has been Noland's burden to submit his brief before the Illinois Fifth District Appellate Court and thus the delay in the matter to this point is attributable to his failure to meet the filing deadline. *See id.* Accordingly, this Court finds that this case does not demonstrate any circumstances warranting hearing his present Petition despite his failure to exhaust his state remedies.

As a final matter, this Court notes that "[a] federal habeas corpus action brought by a state prisoner must name as the respondent 'the state officer who has custody' of the petitioner." *Bridges v. Chambers*, 425 F.3d 1048, 1049 (7th Cir. 2005) (quoting Rule 2(a) of the Rules Governing Habeas Corpus Petitions). Petitioner Noland has named the People of Illinois as the Respondent in this action, which is not the warden of the institution in which he currently resides. *Id.* at 1049–50

(citing *Williams v. Sims*, 390 F.3d 958, 961 (7th Cir.2004)). As such, this Court is unable to grant any relief which Noland seeks, and therefore cannot hear his Petition. *See Grigalanz v. Grigalanz*, 2018 WL 934588, at *2 (S.D. Ill. Feb. 16, 2018).

## CONCLUSION

For the reasons set forth above, Kadeem Noland's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED** and this case is **DISMISSED without prejudice** for lack of subject-matter jurisdiction. The Clerk of Court is **DIRECTED** to close this case on the Court's docket.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts instructs the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. 2253(c)(2) provides that a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."

To meet this standard, the petitioner "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke,* 542 U.S. 274, 281 (2004)); *see Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Noland has not made a substantial showing of the denial of a constitutional right. Having thoroughly reviewed the record before the Court, the undersigned concludes that reasonable jurists would not find the disposition of this case debatable or wrong. Accordingly, this Court **DENIES** issuance of a certificate of appealability.

**IT IS SO ORDERED.**

**DATED:  July 28, 2025**

<u>*s/ Stephen P. McGlynn*</u>
**STEPHEN P. McGLYNN**
**U.S. District Judge**